# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:25- cr-00105-JAW |
| PALWASHA SHIR | |

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE – TWO
### Uttering Counterfeit Obligations

1.      On about the dates set forth below in each Count, in the District of Maine, the defendant,

### PALWASHA SHIR,

with intent to defraud, did pass and utter to Evergreen Credit Union, falsely made, forged, counterfeited and altered obligations of the United States, that is, the United States Treasury Checks referenced below in each Count, which she knew to be falsely made, forged, counterfeited and altered, and did aid and abet the same, as follows:

| Count | Approximate Date | Location | Serial Number | Approximate Amount |
|---|---|---|---|---|
| ONE | 7/3/2024 | Windham, ME | 38903228 | $291,203.68 |
| TWO | 8/13/2024 | Windham, ME | 38903181 | $193,107.96 |

Thus, the defendant violated Title 18, United States Code, Sections 472 & 2.

### COUNTS THREE – FIVE
### Monetary Transaction Money Laundering

2.     On about the dates set forth below in each Count, in the District of

Maine and elsewhere, the defendant,

**PALWASHA SHIR,**

knowing that the funds identified below in each Count represented the proceeds

of some form of unlawful activity, engaged in and willfully caused others to

engage in a monetary transaction, in and affecting interstate commerce, in

criminally derived property of a value greater than $10,000, which property, in

fact was derived from specified unlawful activity, namely, passing and uttering a

counterfeit obligation, committed in violation of Title 18 United States Code,

Section 472, as charged in Count One of this Indictment, as follows:

| Count | Approximate Date | Monetary Transaction |
|-------|------------------|----------------------|
| THREE | 7/5/2024 | Wire transfer of approximately $140,000 |
| FOUR | 7/8/2024 | Wire transfer of approximately $100,000 |
| FIVE | 7/10/2024 | Wire transfer of approximately $50,000 |

Thus, the defendant violated Title 18, United States Code, Section 1957.

**COUNT SIX**
**Wire Fraud**

3.     The Paycheck Protection Program ("PPP") was a COVID-19

pandemic relief program administered by the Small Business Administration

("SBA") that provided forgivable loans to small businesses for job retention and

certain other expenses. The PPP permitted participating third-party lenders to

approve and disburse SBA-backed PPP loans to cover payroll, fixed debts,

utilities, rent/mortgage, accounts payable and other bills incurred by qualifying

2

businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

4.     To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation and either had employees for whom it paid salaries and payroll taxes or paid independent contractors. A business applying for a PPP loan was required to provide documentation showing its payroll expenses.

5.     The proceeds of a PPP loan could be used for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments. The proceeds of a PPP loan were not permitted to be used by the borrowers to pay personal expenses unrelated to the specified authorized expenses.

6.     On about April 16, 2021, Palwasha Shir submitted, and caused to be submitted, a false and fraudulent application for a PPP loan in the amount of $20,760. In the application, the defendant falsely and fraudulently claimed to have earned gross income of $99,650 as a beautician in 2020. She submitted with her application a false and fraudulent IRS Form Schedule C that was never filed with the IRS.

7.    The PPP loan was approved and $20,760 in PPP funds were electronically deposited in a personal checking account held by Palwasha Shir. Palwasha Shir spent the funds on personal expenses.

8.    On about October 27, 2021, Palwasha Shir submitted, and caused to be submitted, a false and fraudulent PPP Loan Forgiveness Application. She claimed that she had spent $20,760 of the PPP funds on payroll costs.

9.    On about May 11, 2021, in the District of Maine and elsewhere, the defendant,

**PALWASHA SHIR,**

having devised and intending to devise a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, namely, an electronic transfer of approximately $20,780 in PPP funds into a bank account held in her name and ending in 4138.

Thus, the Defendant violated Title 18, United States Code, Sections 1343 and 2.

**FORFEITURE NOTICE**

1.    Upon conviction of one or more of the offenses in violation of 18 U.S.C. § 472, set forth in Counts One and Two of this Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28

4

U.S.C. § 2461(c), any property, real or personal, constituting or derived from proceeds traceable to the offense and, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly as the result of the offense. The property to be forfeited includes, but is not limited to, a money judgment in the amount of those proceeds and property derived from those proceeds.

2.     Upon conviction of one or more of the offenses in violations of 18 U.S.C. § 1957, set forth in Counts Three though Five of this Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461(c), any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957 or any property traceable to such property and, pursuant to 18 U.S.C. § 982(a)(1), any property involved in the offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, a money judgment in the amount of those proceeds and property derived from those proceeds.

3.     Upon conviction of the offense in violation of 18 U.S.C. § 1343, set forth in Count Six of this Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property, real or personal, constituting or derived from proceeds traceable to the offense and, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as the result of the offense. The property to be forfeited includes, but is not limited to, a money judgment in

the amount of those proceeds and property derived from those proceeds.

    4.    If any of the property described in paragraphs 1 through 3, above, as a result of any act or omission of the defendant—

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraphs 1 through 3 above.

    All pursuant to Title 18, United States Code, Section 981(a)(1), and Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Sections 982(a)(1) and 982(a)(2).

A TRUE BILL

Signature Redacted – Original on file with the Clerk's Office

ASSISTANT UNITED STATES ATTORNEY

Date: JULY 9, 2025

6